974 F.2d 1331
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David Richard MEDLEYCOTT, a minor, by his mother and next
friend, Suzanne Medleycott; Suzanne Medleycott,
individually; Daniel Medleycott,
individually, Plaintiffs-Appellants,
v.
WICOMICO COUNTY, MARYLAND, Defendant-Appellee,
and
Lori Ann LINDLAND; Stewart H. Lindland; Phillip W. Core,
Defendants.
 No. 91-1843.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 7, 1992
Decided: September 8, 1992
 
 Joseph C. Garland, SUTTER & ENSLEIN, Baltimore, Maryland, for Appellants.
 Philip B. Barnes, WHITEFORD, TAYLOR & PRESTON, Baltimore, Maryland, for Appellee.
 John E. Sutter, SUTTER & ENSLEIN, Baltimore, Maryland, for Appellants.
 Before RUSSELL and HAMILTON, Circuit Judges, and WILLIAMS, Senior United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 In this appeal we decide whether the district court's summary judgment dismissing the case was proper. The Appellants were plaintiffs below in a diversity tort action to recover damages resulting from an accident on a county-maintained road. Defendant Wicomico County moved for dismissal or summary judgment because plaintiffs had failed to comply with mandatory notice provisions. Under Maryland law, no action for damages may be brought against a local government unless the claimant first gives notice within 180 days of the injury. Md. Cts. & Jud. Proc. Code Ann. § 5-404(a) (1989). Notice must be delivered in person or by certified mail to the county council, § 5-404(b), and must state the time, place and cause of the injury. § 5404(b)(3).
 
 
 2
 In deciding Wicomico County's motions, the district court found that Plaintiffs complied with the 180-day requirement of § 5-404(a). Yet it found they did not comply with the delivery provisions of § 5404(b) or the content provisions of § 5-404(b)(3). Plaintiffs had sent notice to the county attorney and not to the county council as required. In addition, the notice had failed to give any particulars of the accident, including the place and cause of the alleged injuries. After two requests, Plaintiffs provided the required information in a subsequent notice, however, that notice was given far outside the 180day statutory period. The district court further found that plaintiffs had not shown good cause to excuse the notice requirements as permitted by § 5-404(c). Consequently, the district court granted Wicomico County's motion for summary judgment.
 
 
 3
 After reviewing the briefs and entertaining oral argument in this case, we agree with the district court. Based on the reasoning in the court's memorandum opinion, we hold that Wicomico County is entitled to judgment under Maryland law. See Medleycott v. Wicomico County, No. R-90-2035 (D. Md. Dec. 21, 1990).
 
 AFFIRMED